.NAL

FILED IN CHAMBERS
U.S.D.C. Atlanta

JUN 2 4 2020

JAMES N. HATTEN, Clerk
By: B.Crow

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | INDICTMENT NUMBER |
| MAURICE FAYNE, A/K/A ARKANSAS MO | 1:20-CR- 228 |

**THE GRAND JURY CHARGES THAT:**

### Counts 1-3
### Wire Fraud
### 18 U.S.C. § 1343

1.      From in or about August 2014 through in or about May 2020, in the

Northern District of Georgia and elsewhere, the Defendant,

**Maurice Fayne, a/k/a Arkansas Mo,**

aided and abetted by others known and unknown to the Grand Jury,

knowingly devised, intended to devise, and participated in a scheme

and artifice to defraud investors in his trucking business, and for

obtaining money from those investors by means of materially false

and fraudulent pretenses, representations, and promises, and by the

omission of material facts (the wire fraud scheme).

2.    It was part of the wire fraud scheme that:

(a)    Defendant Fayne held himself out to be the owner of a

profitable trucking business. In truth, Defendant Fayne's

trucking business did not generate enough revenue to cover its

expenses. And because Defendant Fayne's trucking business

repeatedly failed to pay its bills on time, it was hit with

multiple tax liens, civil lawsuits, and judgments.

(b)    Defendant Fayne, personally and through middlemen,

including T.V., D.J., and M.S., caused approximately 20

individuals to invest over $5 million in Defendant Fayne's

trucking business.

(c)    Defendant Fayne and his middlemen:

- made false statements to investors;
- concealed material facts from investors; and
- provided fraudulent documents to investors.

(d)    Defendant Fayne and his middlemen promised that Defendant

Fayne's trucking business would use the investors' money to

purchase and operate trucks. Instead, Defendant Fayne used

the investors' money to pay his personal debts and expenses,

and to fund a lifestyle for himself that he otherwise could not have afforded. For example, during the course of the wire fraud scheme, Defendant Fayne transferred more than $5 million to the Choctaw Casino and Resort to cover his personal gambling and entertainment expenses.

(e)   Defendant Fayne and his middlemen promised that investors would be repaid from profits generated by Defendant Fayne's trucking business. But because Defendant Fayne squandered the investors' money, Defendant Fayne's trucking business never generated enough revenue to repay the investors. To hide that fact from the investors, and to give his trucking business an aura of legitimacy, Defendant Fayne used the investors' own money to pay some of them "make-believe profits."

(f)   When investors became suspicious that Defendant Fayne and his middlemen were not being truthful, Defendant Fayne and his middlemen made excuses to lull investors into a false sense of security and delay their complaints to law enforcement.

3.      On or about each date set forth below, for the purpose of executing

and attempting to execute the wire fraud scheme, Defendant Fayne

transmitted and caused to be transmitted by means of wire

communication in interstate commerce the following writings, signs,

signals, pictures, and sounds:

| Count | Date | Description |
|-------|------|-------------|
| 1 | 04-23-20 | Defendant Fayne caused $175,000 to be wire transferred from United Community Bank account #1408, held in the name of Flame Trucking Inc., to Navy Federal Credit Union account #6082, held in the name of T.V. |
| 2 | 04-24-20 | Defendant Fayne caused $30,000 to be wire transferred from United Community Bank account #1408, held in the name of Flame Trucking Inc., to JPMorgan Chase Bank, NA account #0180, held in the name of D.J. |
| 3 | 05-01-20 | Defendant Fayne caused $25,000 to be wire transferred from United Community Bank account #1408, held in the name of Flame Trucking Inc., to Bank of America, N.A., account #2851, held in the name of M.S. |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

**Count 4**
**Bank Fraud**
**18 U.S.C. § 1344**

4.      From in or about April 2020 through in or about May 2020, in the

Northern District of Georgia and elsewhere, the Defendant,

**Maurice Fayne, a/k/a Arkansas Mo,**

aided and abetted by others known and unknown to the Grand Jury,

participated in a scheme and artifice to defraud United Community

Bank, a financial institution as defined in Title 18, United States Code,

Section 20, and to obtain moneys and funds owned by and under the

custody and control of United Community Bank, by means of

materially false and fraudulent pretenses, representations, and

promises, and by the omission of material facts (the bank fraud

scheme).

5.      At all times material to the bank fraud scheme, Defendant Fayne was

the sole owner of a Georgia corporation called Flame Trucking Inc.

6.      United Community Bank participated as a lender in the Paycheck

Protection Program (PPP), a loan program created by the United

States Small Business Administration to help small businesses pay

payroll costs, including benefits; interest on mortgages; rent; and utilities during the COVID–19 pandemic.

7. On or about April 15, 2020, for the purpose of executing and attempting to execute the bank fraud scheme, Defendant Fayne signed and submitted to United Community Bank a PPP loan application in the name of Flame Trucking Inc., which requested a loan in the amount of $3,725,500, and which falsely represented that Flame Trucking Inc. had 107 employees and an average monthly payroll of $1,490,200.

All in violation of Title 18, United States Code, Section 1344 and Section 2.

**Count 5**
**False Statement to a Federally-Insured Bank**
**18 U.S.C. § 1014**

8.      The facts alleged in paragraphs 5 and 6 are incorporated here.

9.      On or about April 24, 2020, in the Northern District of Georgia and
elsewhere, the Defendant,

**Maurice Fayne, a/k/a Arkansas Mo,**

aided and abetted by others known and unknown to the Grand Jury,
knowingly made a false statement for the purpose of influencing the
action of United Community Bank, an institution the accounts of
which were insured by the Federal Deposit Insurance Corporation, in
connection with Flame Trucking's PPP loan application, when he
sent an email to United Community Bank, attaching what he
represented to be October, November, and December 2019 bank
statements for Flame Trucking's account at Arvest Bank, when in
truth and in fact—as Defendant Fayne knew—those bank statements
were phony, because Arvest Bank had shut down Flame Trucking's
account in September 2019.

All in violation of Title 18, United States Code, Section 1014 and Section 2.

**Counts 6-15**
**Money Laundering**
**18 U.S.C. § 1956**

10.    The facts alleged in paragraph 2, including all subparts, are

incorporated here.

11.    It is also relevant to the Indictment that:

(a)    In Flame Trucking's PPP loan application, Defendant Fayne

certified that the loan proceeds would be used to "retain

workers and maintain payroll or make mortgage interest

payments, lease payments, and utility payments, as specified

under the Paycheck Protection Program Rule."

(b)    In Flame Trucking's PPP loan application, Defendant Fayne

acknowledged that he could be prosecuted for fraud if the PPP

loan proceeds were "knowingly used for unauthorized

purposes."

(c)    Defendant Fayne knowingly used the PPP loan proceeds for

unauthorized purposes, including the following:

- making payments in furtherance of the wire fraud
  scheme;
- paying restitution;
- purchasing jewelry;

- paying child support; and
- leasing a Rolls-Royce.

(d)     In or around mid-March 2020, Defendant Fayne contacted one
of the middlemen involved in the wire fraud scheme, T.V., and
stated that he was in the process of obtaining a PPP loan.
Defendant Fayne stated that he planned to use some of the PPP
loan proceeds to make payments related to the wire fraud
scheme.

(e)     On or about April 22, 2020, United Community Bank
transferred the PPP loan proceeds to United Community Bank
account #1408, held in the name of Flame Trucking and
controlled by Defendant Fayne.

(f)     On or about April 23, 2020, Defendant Fayne wire transferred
$175,000 in PPP loan proceeds to T.V., as described in Count 1,
and Defendant Fayne instructed T.V. to use that money to
conduct certain financial transactions, including those
described in Counts 6 and 7.

12.    On or about each date set forth below, in the Northern District of

Georgia and elsewhere, the Defendant,

**Maurice Fayne, a/k/a Arkansas Mo,**

aided and abetted by others known and unknown to the Grand Jury,

knowingly conducted and attempted to conduct a financial

transaction affecting interstate commerce, which involved the

proceeds of a specified unlawful activity, that is bank fraud, in

violation of Title 18, United States Code, Section 1344, knowing that

the transaction was designed in whole and in part to conceal and

disguise, the nature, location, source, ownership, and control of the

proceeds of specified unlawful activity, and while conducting and

attempting to conduct such financial transaction knowing that the

property involved in the financial transaction represented the

proceeds of some form of unlawful activity:

| Count | Date | Description |
|-------|------|-------------|
| 6 | 04-23-20 | Defendant Fayne caused $60,000 in PPP loan proceeds to be wire transferred from Navy Federal Credit Union, account #6082, held in the name of T.V., to Sterling National Bank account #5233, held in the name of Lucky Star Licensing. |

| Count | Date | Description |
|---|---|---|
| 7 | 04-23-20 | Defendant Fayne caused $60,000 in PPP loan proceeds to be wire transferred from Navy Federal Credit Union, account #6082, held in the name of T.V., to JPMorgan Chase Bank account #1572, held in the name of Sonoran HomeWatch LLC. |
| 8 | 04-24-20 | Defendant Fayne caused $75,000 in PPP loan proceeds to be wire transferred from United Community Bank account #1408, held in the name of Flame Trucking Inc., to Regions Bank account #5081, held in the name of J.S. |
| 9 | 04-27-20 | Defendant Fayne caused J.S. to purchase a $50,000 cashier's check payable to the DeSha County (Arkansas) Sheriff's Office, to pay restitution owed by Defendant Fayne. |
| 10 | 04-23-20 | Defendant Fayne caused $350,000 in PPP loan proceeds to be wire transferred from United Community Bank account #1408, held in the name of Flame Trucking Inc., to Wells Fargo Bank, NA account #0467, held in the name of C.W. |
| 11 | 04-28-20 | Defendant Fayne caused $84,000 in PPP loan proceeds to be wire transferred from Wells Fargo Bank, NA account #0467, held in the name of C.W., to Bank of America, New York, NY account #9593, held in the name of Status Jewelers, to purchase three pieces of jewelry for Defendant Fayne. |
| 12 | 04-30-20 | Defendant Fayne caused $40,000 in PPP loan proceeds to be wire transferred from Wells Fargo Bank, NA account #0467, held in the name of C.W., to Arkansas Federal Credit Union account #5028, held in the name of S.T., to pay child support owed by Defendant Fayne. |

| Count | Date | Description |
|---|---|---|
| 13 | 04-28-20 | Defendant Fayne caused $90,000 in PPP loan proceeds to be wire transferred from United Community Bank account #1408, held in the name of Flame Trucking Inc., to Navy Federal Credit Union account #0090, held in the name of Maurice Fayne. |
| 14 | 04-30-20 | Defendant Fayne caused $142,000 in PPP loan proceeds to be wire transferred from United Community Bank account #1408, held in the name of Flame Trucking Inc., to Navy Federal Credit Union account #0090, held in the name of Maurice Fayne. |
| 15 | 05-01-20 | Defendant Fayne caused $136,000 in PPP loan proceeds to be wire transferred from Navy Federal Credit Union account #0090, held in the name of Maurice Fayne, to M & T Bank account #4612, held in the name of Luxury Lease Company, as a down payment on the lease of a 2019 Rolls-Royce Wraith, VIN SCA665C53KUX87297. |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and

Section 2.

### Counts 16-18
### Money Laundering
### 18 U.S.C. § 1957

13.    The facts alleged in paragraph 2, including all subparts, are

incorporated here.

14.    It is also relevant to the Indictment that:

(a)     On or about April 22, 2020, C.W. created an Arkansas limited liability company called C.R. Wilkins Trucking, LLC.

(b)     The next day, on or about April 23, 2020—on behalf of C.R. Wilkins Trucking, LLC—C.W. signed a contract to purchase eight Kenworth T-680 trucks from TransAm Trucking, for a total of $368,000.

(c)     Also on or about April 23, 2020—on behalf of C.R. Wilkins Trucking, LLC—C.W. signed a contract to purchase six refrigerated trailers from Great Dane, LLC, for a total of $189,000.

15.   On or about each date set forth below, in the Northern District of Georgia and elsewhere, the Defendant,

**Maurice Fayne, a/k/a Arkansas Mo,**

aided and abetted by others known and unknown to the Grand Jury, knowingly engaged in, attempted to engage in, and caused others to engage in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, knowing that such transaction involved criminally derived property of a value greater

than $10,000, such property having been derived from a specified

unlawful activity, that is, bank fraud, in violation of Title 18, United

States Code, Section 1344:

| Count | Date | Description |
|---|---|---|
| 16 | 04-23-20 | Defendant Fayne caused $368,000 in PPP loan proceeds to be wire transferred from United Community Bank account #1408, held in the name of Flame Trucking Inc., to UMB Bank, N.A. account #6105, held in the name of TransAm Trucking Exchange, to purchase eight Kenworth T-680 trucks for C.R. Wilkins Trucking, LLC. |
| 17 | 04-23-20 | Defendant Fayne caused $189,000 in PPP loan proceeds to be wire transferred from United Community Bank account #1408, held in the name of Flame Trucking Inc., to JPMorgan Chase Bank, NA account #2162, held in the name of Great Dane LLC, to purchase six refrigerated trailers for C.R. Wilkins Trucking, LLC. |
| 18 | 04-27-20 | Defendant Fayne withdrew $65,000 in cash from United Community Bank account #1408, held in the name of Flame Trucking Inc. |

All in violation of Title 18, United States Code, Section 1957 and Section 2.

FORFEITURE PROVISION

16.     Upon conviction of one or more of the offenses alleged in Counts 1

through 5 of this Indictment, the Defendant, Maurice Fayne, a/k/a

Arkansas Mo, shall forfeit to the United States, pursuant to Title 18,

United States Code, Section 982(a)(2), any property, real or personal,

constituting or derived from proceeds obtained, directly or indirectly,

as a result of the violation, including, but not limited to, the

following:

    (a)    Money Judgment:

- A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense, or conspiracy to commit such offense, for which the Defendant is convicted.

    (b)    Currency and Bank Funds:

- $79,482.00 in United States Currency seized on May 11, 2020.

- $319,113.11 in funds seized from United Community Bank account number XXXXXX1408 held in the name of Flame Trucking Inc.

- $169,650.90 in funds seized from Wells Fargo Bank account number XXXXXX0467 held in the name of C.W.

- $60,000.00 in funds seized from Sterling National Bank account number XXXXX5233 held in the name of Lucky Star Licensing.

- $29,477.91 in funds seized from United Community Bank account number XXXXXX2864 held in the name of K.L.

- $15,195.62 in funds seized from Navy Federal Credit Union account number XXXXXX1000 held in the name of Maurice Johnson Fayne.

- $14,169.57 in funds seized from Navy Federal Credit Union account number XXXXXX0090 held in the name of Maurice Fayne.

- $9,362.47 in funds seized from United Community Bank account number XXXXXX2299 held in the name of P.C.

(c)   Vehicles:

- $136,000.00 in funds used as a down payment on, and in lieu of, a 2019 Rolls-Royce Wraith, VIN SCA665C53KUX87297.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X3FJ384332.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9XOFJ384367.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X5FJ384364.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X5FJ384350.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X5FJ384347.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X1FJ384362.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9XXFJ384358.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9XBFJ384343.

- 2015 Great Dane trailer, VIN 1GRAA062XFW703501.

- 2015 Great Dane trailer, VIN 1GRAA0620FW703748.

- 2015 Great Dane trailer, VIN 1GRAA0629FW703750.

- 2015 Great Dane trailer, VIN 1GRAA0626FW703754.

- 2015 Great Dane trailer, VIN 1GRAA0621FW703743.

- 2015 Great Dane trailer, VIN 1GRAA0621FW703760.

(d)    Personal Property:

- One custom-made 18 kt Rolex 41mm Presidential watch, serial number 5636S3S8, with diamonds, purchased on or about April 28, 2020 for $52,000.00.

- One 10 kt custom-made Cuban bracelet with 34.75 carats of diamonds, purchased on or about April 28, 2020 for $24,500.00.

- One 14 kt custom-made ring with 5.73 carats of diamonds, purchased on or about April 28, 2020 for $3,750.00.

17.    Upon conviction of one or more of the offenses alleged in Counts 6 through 18 of this Indictment, the Defendant, Maurice Fayne, a/k/a Arkansas Mo, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), all property real or personal, involved in such offenses and all property traceable to such offenses, including but not limited to the following:

(a)    Money Judgment:

- A sum of money in U.S. currency representing the value of the property involved in the offenses for which the Defendant is convicted.

(b)    Currency and Bank Funds:

- $79,482.00 in United States Currency seized on May 11, 2020.

- $319,113.11 in funds seized from United Community Bank account number XXXXXX1408 held in the name of Flame Trucking Inc.

- $169,650.90 in funds seized from Wells Fargo Bank account number XXXXXX0467 held in the name of C.W.

- $60,000.00 in funds seized from Sterling National Bank account number XXXXX5233 held in the name of Lucky Star Licensing.

- $29,477.91 in funds seized from United Community Bank account number XXXXXX2864 held in the name of K.L.

- $15,195.62 in funds seized from Navy Federal Credit Union account number XXXXXX1000 held in the name of Maurice Johnson Fayne.

- $14,169.57 in funds seized from Navy Federal Credit Union account number XXXXXX0090 held in the name of Maurice Fayne.

- $9,362.47 in funds seized from United Community Bank account number XXXXX2299 held in the name of P.C.

(c)   Vehicles:

- $136,000.00 in funds used as a down payment on, and in lieu of, a 2019 Rolls-Royce Wraith, VIN SCA665C53KUX87297.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X3FJ384332.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9XOFJ384367.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X5FJ384364.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X5FJ384350.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X5FJ384347.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9X1FJ384362.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9XXFJ384358.

- 2015 Kenworth T-680 truck, VIN 1XKYDP9XBFJ384343.
- 2015 Great Dane trailer, VIN 1GRAA062XFW703501.
- 2015 Great Dane trailer, VIN 1GRAA0620FW703748.
- 2015 Great Dane trailer, VIN 1GRAA0629FW703750.
- 2015 Great Dane trailer, VIN 1GRAA0626FW703754.
- 2015 Great Dane trailer, VIN 1GRAA0621FW703743.
- 2015 Great Dane trailer, VIN 1GRAA0621FW703760.

(d)   Personal Property:

- One custom-made 18 kt Rolex 41mm Presidential watch, serial number 5636S3S8, with diamonds, purchased on or about April 28, 2020 for $52,000.00.
- One 10 kt custom-made Cuban bracelet with 34.75 carats of diamonds, purchased on or about April 28, 2020 for $24,500.00.
- One 14 kt custom-made ring with 5.73 carats of diamonds, purchased on or about April 28, 2020 for $3,750.00.

18.   If, as a result of any act or omission of the Defendant, any property

subject to forfeiture, (a) cannot be located upon the exercise of due

diligence; (b) has been transferred or sold to, or deposited with, a

third person; (c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or (e) has been

commingled with other property which cannot be subdivided

without difficulty, the United States intends, pursuant to Title 21,

United States Code, Section 853(p), as incorporated by Title 18,

United States Code, Section 982(b), to seek forfeiture of any other

property of the Defendant up to the value of the forfeitable property

described above.

A _____ BILL

_____
FOREPERSON

BYUNG J. PAK
UNITED STATES ATTORNEY

JOHN RUSSELL PHILLIPS
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 576335

BERNITA B. MALLOY
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 718905

MICHAEL J. BROWN
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 064437


600 U.S. COURTHOUSE
75 TED TURNER DRIVE, SW
ATLANTA, GA 30303
(404) 581-6000